42

**XIAO YANG ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICE,
Respondent.**

No. 03–4903–ag.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, Craig A. Oswald, Assistant United States Attorney, Chicago, IL, for Respondent.

PRESENT: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND, District Judge.[1]

1. The Honorable Leonard B. Sand, United States District Judge for the Southern District

## SUMMARY ORDER

Petitioner Xiao Yang Zheng, a native and citizen of the People's Republic of China, seeks review of an April 17, 2003 order of the BIA denying Zheng's motion to reopen. *In re Xiao Yang Zheng,* No. A 70 910 040 (B.I.A. April 17, 2003). We assume the parties' familiarity with the underlying facts, proceedings below, and specification of issues for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The BIA may abuse its discretion by providing no rational explanation for a decision, inexplicably departing from established policies, not giving its reasoning, or issuing a decision that contains only "summary or conclusory statements." *Id.* at 233–34. We find no abuse of discretion in this case.

 First, even assuming that a petitioner may make a motion to reopen and thereby bring a new ground for rescission of an in-absentia order of removal to the attention of the agency more than 180 days after the in-absentia order is issued, petitioner's claim of ineffective assistance of counsel falls short of establishing that he was prevented from attending his hearing by his counsel's ineffective assistance. *See In re Lozada,* 19 I. & N. Dec. 637, 638 (BIA Apr. 13, 1988). Zheng admitted in an early affidavit that his attorney sent him a letter with the correct date for his

hearing. He has not subsequently specifically controverted that admission. Therefore, a later misstatement of the date by a secretary in Zheng's attorney's office would not have caused a reasonable person to miss his hearing. Nor did the BIA abuse its discretion when it denied reopening for adjustment of status because Zheng failed to submit all the materials necessary for adjustment. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation"). Finally, we lack jurisdiction to review the BIA's discretionary decision not to reopen Zheng's case *sua sponte. See* 8 C.F.R. § 1003.2(a); *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (stating that such a decision is "entirely discretionary").

Accordingly, Zheng's petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED.